AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)          Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br>ROBERT COX | )<br>)<br>)<br>) |

Case No: 2:19-cr-00030-JMS-CMM-08

USM No: 17366-028

Date of Original Judgment: 02/02/2021
Date of Previous Amended Judgment: _____
*(Use Date of Last Amended Judgment if Any)*

Richard Ford (previous)
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑DENIED. ☐GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

> Mr. Cox's Motions to Reduce Sentence [491 and 497] are **DENIED, but his criminal history points are reduced to 20.**

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 05/24/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Jane Magnus-Stinson
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:19-cr-00030-JMS-CMM |
| | ) | |
| | ) | |
| ROBERT COX (08), | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Defendant Robert Cox (08) has filed Motions to Reduce Sentence based on USSC Amendment 821.[491 and 497].[1] Mr. Cox was convicted of conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine. [285]. He received a sentence of 120 months. [Id]. He seeks a relief under Amendment 821, "seeking a 2 point reduction due to falling within the acceptable criteria." [491 and 497]. The Government has filed a Response in Opposition in which it asserts that Mr. Cox is ineligible for any reduction because he does not meet all the criteria for relief: even with a reduction of one criminal history status point, his guideline range and criminal history category does not change [499].

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560

---

[1] The Court appointed the Indiana Federal Community Defender to represent Mr. Cox. [492]. Counsel was later granted leave to withdraw. [495]. Mr. Cox was afforded an opportunity to supplement his petition following the withdrawal, which he did.[497].

U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G. § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

Beginning and ending with the step one analysis under *Dillon*, the Court agrees with the United States that Mr. Cox is ineligible for resentencing. In Part B to Amendment 821, the Sentencing Commission added what now appears in U.S.S.G. § 4C1.1(a), providing, in cases such as Mr. Cox's, a one level reduction in status points for many offenders who have greater than seven criminal history points. In pertinent part, the adjustment provides:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Before consideration of status points, Mr. Cox had 19 criminal history points. Whether one or two status points are added, Mr. Cox's guideline calculation does not change. Both 20 and 21 points place him in criminal category 6. Indeed, 13 or more points places an individual in criminal history category VI. So while the Amendment does apply to Mr. Cox, it does not alter his guideline calculation. The Court therefore does not proceed to step two under *Dillon*.

That said, the Court has recently been advised that a reduction in criminal history points may impact Mr. Cox's classification. Accordingly, the Court directs the Clerk to forward a copy of this entry to the Warden at the U.S.P. Beaumont, P.O. Bx 26030, Beaumont, Texas 77720,

For the foregoing reasons, Mr. Cox's Motions to Reduce Sentence [491 and 497] are

**DENIED, but his criminal history points are reduced to 20.**

IT IS SO ORDERED.

Date: 5/24/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

By U.S. Mail to:
Robert Cox
Reg. No. 17366-028
USP Beaumont
US Penitentiary
P.O. Box 26030
Beaumont, TX 77720

Warden
USP Beaumont
P.O. Box 26030
Beaumont, TX 77720